IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL TAYLOR, #M18311, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00239-MJR |
| | ) |
| SALVADOR GODINEZ, | ) |
| TY BATES, RANDY DAVIS, | ) |
| WARDEN GAETZ, and | ) |
| LT. KLINDWORTH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving four consecutive six-year sentences for criminal sexual assault of a minor. His claims arose during his incarceration at Pinckneyville. Plaintiff alleges that the defendants, including Salvador Godinez (Executive Director, Illinois Department of Corrections ("IDOC")), Ty Bates (Deputy Director, Southern Region, IDOC), Warden Gaetz (current warden, Pinckneyville), Randy Davis (former warden, Pinckneyville), and Lt. Klindworth (correctional officer lieutenant, Pinckneyville), infringed on Plaintiff's rights under the First and Fourteenth Amendments by issuing him a disciplinary ticket for giving another inmate items that Plaintiff purchased legally from commissary (Doc. 1, p. 6). He seeks to clear his disciplinary record of this violation (Doc. 1, p. 8). He also seeks monetary damages and injunctive relief.

Specifically, Plaintiff alleges that he is an ordained Baptist minister (Doc. 1, p. 6). On March 9, 2011, Plaintiff legally purchased items from commissary and gave them to another

1

inmate. In his twenty-page complaint, Plaintiff does not disclose what items he gave away. However, Pinckneyville staff deemed the gift to be inappropriate and ticketed Plaintiff for trading and trafficking.

At an adjustment committee hearing, Plaintiff testified that he honors his commitment to God by giving to others (Doc. 1, p. 6). He further testified that he tries to give ten percent of his purchases away, representing his tithes (Doc. 1, p. 6). The adjustment committee heard no testimony that Plaintiff received anything in exchange for the gift or that he benefitted in any way (Doc. 1, p. 7). After hearing the testimony, Defendant Klindworth told Plaintiff, "You can't give anything to anybody" (Doc. 1, p. 6). Plaintiff was demoted to C-grade status. He was subsequently denied two transfers (Doc. 1, p. 7). The violation affects Plaintiff's ability to find a job, secure housing, and receive supplemental sentence credit.

Plaintiff claims that Defendants deprived him of his rights under the First and Fourteenth Amendments by maintaining a policy of prohibiting the free exercise of religion, by repeatedly denying him the right to exercise his religion, and by punishing him for doing so (Doc. 1, p. 6). Plaintiff also asserts a claim against Defendant Godinez for failing to supervise.[1]

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).

---

[1] Plaintiff provides no further details regarding this claim.

In order to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon Plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). However, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

Accepting the allegations in Plaintiff's complaint as true, Plaintiff has failed to state an actionable constitutional claim against Defendants under the First Amendment (Count 1). In the prison context, the free exercise analysis turns on the question of reasonableness. The Free Exercise Clause protects a prisoner's right to practice his religion as long as doing so does not unduly burden the institution. *Richards v. White*, 957 F.2d 471, 474 (7th Cir. 1992). "A prisoner's right to freely exercise his religious beliefs does not depend upon his ability to pursue each and every aspect of the practice of his religion." *Canedy v. Boardman*, 91 F.3d 30, 33 (7th Cir. 1996) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 352 (1987)). If a prison has "sound penological interests" supporting a restriction that "outweigh the prisoner's religious interests, the restriction does not violate the First Amendment." *Id.* at 33. In other words, a prison regulation that infringes upon an inmate's free exercise rights may be valid "'if it is reasonably related to legitimate penological interests.'" *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). This standard of reasonableness, rather than the heightened scrutiny standard, applies in the prison context "to

permit prison administrators 'to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration[,]' and thereby prevent unnecessary federal court involvement in the administration of prisons." *Al-Alamin v. Gramley*, 926 F.2d 680, 687 (7th Cir. 1991).

It is well-established that a prison has a compelling interest in maintaining security. *See Borzych v. Frank*, 439 F.3d 388, 391 (7th Cir. 2006); *Rios v. Lane*, 812 F.2d 1032, 1037 (7th Cir. 1987). Courts are particularly deferential to the judgment and expertise of prison administrators when they analyze whether a regulation is necessary to further that interest. *See Cutter v. Wilkinson*, 544 U.S. 709, 722-23 (2005). In his complaint, Plaintiff challenges Pinckneyville's prohibition against trading or trafficking (Doc. 1, p. 10). This rule clearly relates to the safety and security of the institution. Even legally purchased items can be "given away" in exchange for favors, benefits, and allegiances in a prison. In addition, items that are legally purchased by one inmate may be dangerous to another inmate (e.g., sharp objects in the possession of a suicidal inmate). Plaintiff fails to identify the items he gave away anywhere in his twenty-page complaint, which includes numerous grievances and letters filed in relation to this matter with the prison, the governor, and the White House. Plaintiff has failed to state a claim upon which relief may be granted under the First Amendment. The Court shall dismiss Count 1 without prejudice.

In addition to his First Amendment claim, Plaintiff challenges the imposition of sanctions against him as a violation of his Fourteenth Amendment due process rights (Count 2). Construing the allegations in Plaintiff's complaint liberally, as the Court is required to do at this stage, Plaintiff appears to be asserting that the prohibition against trading and trafficking at Pinckneyville is unconstitutionally vague because it failed to give him adequate notice of the

prohibited conduct.  It is a "fundamental precept in constitutional law, as well as 'ordinary notions of fair play' that 'a statute that either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.'"  *Rios*, 812 F.2d 1032, 1038 (7th Cir. 1987) (citing *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)).  Further "where prohibited conduct does not carry with it its own indicia of wrongdoing the need for clearly drawn prison regulations is particularly acute."  *Id.* at 1038 (citation omitted).  Here, the rule against trading and trafficking obviously serves a security purpose.  Less clear to this Court is whether Plaintiff's conduct so clearly fell within the ambit of this prohibition that he was put on notice that his "gift" would violate the rule.  Plaintiff's allegations are simply so vague that the Court cannot allow him to proceed on his Fourteenth Amendment claim at this time.  He has failed to state a claim upon which relief can be granted under the Fourteenth Amendment. The Court shall dismiss Count 2 without prejudice.

Finally, the Court will address Plaintiff's potential claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),  42 U.S.C. § 2000cc *et seq.* (Count 3).  To establish a claim under RLUIPA, a prisoner must show that a prison receiving federal funds has enacted a regulation that renders his exercise of a religious practice effectively impractical.  *See* 42 U.S.C. § 2000cc-1; *Kroger v. Bryan*, 523 F.3d 789, 796, 799 (7th Cir. 2008).  If the inmate succeeds, the burden shifts to the prison officials to demonstrate that the regulation is the least restrictive means of furthering a compelling government interest.  42 U.S.C. § 2000cc-1; *Kroger*, 523 F.3d at 796.  Plaintiff has neither mentioned RLUIPA or set forth sufficient allegations to raise such a claim, even under a liberal construction of his complaint.  He has failed to state a

claim upon which relief can be granted under RLUIPA.  The Court shall also dismiss Count 3 without prejudice.

Along with the dismissal of Counts 1, 2, and 3, Plaintiff's claims against Defendant Godinez based on a failure to supervise also fail.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED**.

Plaintiff's motion for service of process at government expense (Doc. 4) is also **DENIED**.

**Disposition**

For the reasons stated above, this action is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.  Defendants **GODINEZ, DAVIS, BATES, KLINDWORTH,** and **GAETZ** are **DISMISSED** from this action without prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr*. 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  April 3, 2013**

                                          s/ MICHAEL J. REAGAN
                                         **U.S. District Judge**